1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  ABRAM S. FEUERSTEIN, State Bar No. 133775
   ASSISTANT UNITED STATES TRUSTEE
3  NOREEN A. MADOYAN, SBN 155314
   TRIAL ATTORNEY
4  OFFICE OF THE UNITED STATES TRUSTEE
   915 Wilshire Blvd., Suite 1850
5  Los Angeles, California 90017
   (213)-894-4480; (202) 934-4064 telephone
6  (213) 894-2603 facsimile
   Email: Noreen.Madoyan@usdoj.gov
7

8

                **UNITED STATES BANKRUPTCY COURT**
9
                **CENTRAL DISTRICT OF CALIFORNIA**
10
                    **LOS ANGELES DIVISION**
11

12  | In re: | ) | Case No.: 2:24-bk-10855-DS |
    | | ) | |
13  | **GLOBAL GROUP PROPERTIES, INC.** | ) | Chapter 11 |
    | | ) | |
14  | Debtor. | ) | **UNITED STATES TRUSTEE'S NOTICE** |
    | | ) | **OF MOTION AND MOTION UNDER 11** |
15  | | ) | **U.S.C. § 1112(B) TO DISMISS, CONVERT,** |
    | | ) | **OR DIRECT THE APPOINTMENT OF A** |
16  | | ) | **CHAPTER 11 TRUSTEE;** |
    | | ) | **DECLARATIONS OF PARALEGAL** |
17  | | ) | **SPECIALIST KAREN POLK IN** |
    | | ) | **SUPPORT THEREOF** |
18  | | ) | |

19  Hearing Date:   March 14, 2024
    Time            11:30 AM
20  Place           Courtroom 1639
                    255 E. Temple St.
21                  Los Angeles, CA 90012

22

23  _____

24  **TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY**

25  **JUDGE, DEBTOR, DEBTOR'S COUNSEL, AND ALL PARTIES IN INTEREST:**

26          PLEASE TAKE NOTICE that on March 14, 2024 at 11:30 AM in Courtroom 1639, or as

27  soon thereafter as the matter may be heard, Peter C. Anderson, United States Trustee for the Central

28  District of California ("U.S. Trustee"), will and hereby does move this Court for an order

                                    - 1 -

dismissing the case or converting it to Chapter 7, or directing the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1112(b) for cause as set forth below.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, all other papers and pleadings on file with this Court, and such argument or evidence as the Court might receive at the time of the hearing on the Motion.

Local Bankruptcy Rule 9013-1(1)(f) requires that any opposition or response to this Motion must be stated in writing, filed with the Clerk of the Court and served on the United States Trustee at 915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017 at least 14 days prior to the hearing. Failure to file and serve any opposition may be considered consent to the relief requested in this Motion.


DATE: February 21, 2024

Respectfully Submitted,
PETER C. ANDERSON
UNITED STATES TRUSTEE


By:    */s/ Noreen A. Madoyan*
Noreen A. Madoyan
Attorney for the United States Trustee

## I.    **INTRODUCTION**

Global Group Properties, Inc. filed this Chapter 11 case on February 5, 2024.  The U.S. Trustee alleges that cause exists for dismissal, conversion to Chapter 7, or the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1112(b) because the Debtor has failed to satisfy its Chapter 11 filing or reporting requirements and has failed to provide information reasonably requested by the United States Trustee.

## II.    **JURISDICTION AND STANDING**

This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (B).  This motion is filed pursuant to 11 U.S.C. § 1112(b).

## III.    **STATEMENT OF FACTS**

1.    The Debtor filed a voluntary Chapter 11 petition on February 5, 2024.[1]

2.    The Debtor has failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtor in Possession Effective September 1, 2022 ("UST Guidelines"), Bankruptcy Code, and/or Local Bankruptcy Rules as follows:

   a.  Debtors haves failed to timely file Schedules of Assets and Liabilities, Statement of Financial Affairs, and Notice of Setting/Increasing Insider Compensation. **Incomplete Filings due by 3/4/2024**
   b.  The Debtors haves failed to timely file Schedules of Assets and Liabilities, Statement of Financial Affairs, and Notice of Setting/Increasing Insider Compensation by the Court's February 20, 2024, deadline..
   c.  The Debtor has failed to provide the Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession ("Chapter 11 Compliance Declaration").
   d.  The Debtor has failed to provide the Real Property Questionnaire(s).
   e.  The Debtor has failed to provide sufficient evidence of closing of all pre-petition bank accounts including: (a) closing bank statements; and/or (b) bank account information in the Chapter 11 Compliance Declaration.

---

[1] The U.S. Trustee respectfully requests that the Court take judicial notice of the Debtor's petition, schedules, statement of financial affairs, and other documents filed therewith and any amendments thereto which are in the Court's file, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017.  The information contained in these documents, signed under penalty of perjury by the Debtor, are admissible admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

f.  The Debtor has failed to provide sufficient evidence of the opening and maintenance of the three debtor-in-possession bank accounts (general, payroll and tax) including a copy of the "debtor-in-possession" check for each account.

g.  The Debtor has failed to provide sufficient evidence of current insurance coverage including: (a) the declaration page for each policy; and/or (b) insurance information in the Chapter 11 Compliance Declaration.

h.  The Debtor has failed to provide proof of required certificates and/or applicable licenses in the Chapter 11 Compliance Declaration.

i.  The Debtor has failed to provide a list of insiders as defined in 11 U.S.C. § 101(31) in the Chapter 11 Compliance Declaration.

j.  The Debtor has failed to provide the Financial Statement information in the Chapter 11 Compliance Declaration.

k.  The Debtor has failed to provide a projected cash flow statement for the first 90 days of operation under chapter 11.

l.  The Debtor has failed to provide a conformed copy(ies) of the recording of the Debtor(s)'s bankruptcy petition in each county in which real property is owned.

m.  The Debtor has failed to provide a Statement of Major Issues and Timetable Report.

n.  The Debtor has failed to provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.

o.  The Debtor has failed to provide an Employee Benefit Plan Questionnaire.

p.  The Debtor's Monthly Operating Report for February 2023 will be due by March 20, 2023.

q.  The Debtor's quarterly fees for the 1st Quarter 2024 continue to accrue.

## IV. LEGAL ARGUMENT

### A. CONVERSION OR DISMISSAL UNDER 11 U.S.C. § 1112(b)

11 U.S.C. § 1112(b)(1) states:

Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

The term cause, among other things,  includes the following: (C) a failure to maintain appropriate insurance that poses a risk to the estate or to the public;  (F) the unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; and the failure timely to provide

information reasonably requested by the United States Trustee (or the bankruptcy administer, if any);

*See* 11 U.S.C. §§ 1112(b)(4) (C), (F), and (G)..

The bankruptcy court has broad discretion in determining what constitutes "cause" adequate for dismissal under 11 U.S.C. § 1112(b). *See In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. B.A.P. 2000). While section 1112(b)(4) identifies factors that can constitute "cause" for dismissal of a case, the list is not exhaustive. *Id*.

Local Bankruptcy Rule 2015-2(a) also mandates timely compliance with the reasonable requirements of the U.S. Trustee.

## A. THE DEBTOR'S FAILURE TO COMPLY WITH U.S. TRUSTEE REQUIREMENTS CONSTITUTES "CAUSE."

A debtor's failure to timely satisfy any filing or reporting requirement is cause under 11 U.S.C. § 1112(b)(F) and (H). Local Bankruptcy Rule 2015-2(a)(1) provides that the debtor "must file reports in compliance with this Rule and any requirements established by the United States Trustee…" Under theUST Guidelines, a chapter 11 debtor must provide, among other things, the following documents to the U.S. Trustee within 7 days of the bankruptcy filing: real property questionnaire, proof of insurance coverage, declaration of closure of all pre-petition bank accounts, list of insiders, projected cash flow, and tax returns. Failure to comply with the U.S. Trustee's reporting requirements and the Local Bankruptcy Rules is cause to dismiss or convert a chapter 11 case. *See In re Bowers Investment Company, LLC*, 553 B.R. 762, 774 (D. Alaska 2016); *In re 3868-70 White Plains Road, Inc.*, 28 B.R. 515, 519 (Bankr. S.D.N.Y. 1983). As detailed above and in the attached supporting declaration, "cause" exists under 11 U.S.C. § 1112(b)(F) and (H) because of the Debtor's unexcused failure to timely comply with U.S. Trustee reporting requirements.

## B. THE DEBTOR'S FAILURE TO MAINTAIN INSURANCE THREATENS PUBLIC SAFETY AND EXPOSES THE ESTATE TO LIABILITY.

A debtor's "failure to maintain appropriate insurance that poses a risk to the estate or the public" constitutes "cause" to dismiss. 11 U.S.C. § 1112 (b)(4)(C). A debtor must maintain

property and liability insurance coverage so that the assets of the bankruptcy estate are protected against loss. *In re Van Eck*, 425 B.R. 54 (Bankr. D. Conn. 2010).

In this case, the U.S. Trustee is unaware if this case involves a parcel of real property, or other tangible assets that require insurance. The Debtor filed a skeletal petition and its schedules have not yet been filed. Nevertheless, the Debtor has not met its burden of establishing that the Debtor's assets (to the extent necessary) are appropriately insured. Therefore, cause exists under 11 U.S.C. § 1112(b)(4)(C).

### C.    THE COURT SHOULD DISMISS OR CONVERT THIS CASE.

Under 11 U.S.C. § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of the several court actions will best serve the estate's creditors. It must: "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of the creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re: Sullivan*, 522 B.R. 604, 612 (9th Cir. BAP 2014).

Here, as of February 15, 2024, the Debtor has not filed schedules or a statement of financial affairs; therefore, the U.S. Trustee is unable to determine if there are any assets that could be administered that will provide a meaningful distribution to creditors. Further, the Debtor has failed to provide of the documents required for the Debtor's "7-day package." As a result, based on the current evidence available, dismissal appears to be in the best interest of creditors and the appropriate remedy in this case.

### D.    THE COURT SHOULD DISMISS THIS CASE WITH A REFILING BAR.

The Court may prohibit a debtor from filing another bankruptcy petition for a period of 180 days where the debtor has failed to properly prosecute the case. 11 U.S.C. §§ 105, 109(g) and 349(a). Sections 349 and 105 permit dismissal with a bar to re-filing. *Leavitt v. Soto (In re Leavitt),* 209 B.R. 935, 940 (B.A.P. 9th Cir. 1997), *aff'd* 171 F.3d, 1219, 1223 (9th Cir. 1999). Section 349 gives a court authority to "sanction a debtor for cause by imposing a bar against re-filing." *See In re Mitchell*, 357 B.R 142, 157 (Bankr. C.D. Cal. 2006). Further, Section 105(a) vests a Court with the authority to issue any order, process or judgment that is necessary or

appropriate to carry out the provisions of title 11. 11 U.S.C. § 105(a).  Thus, the Court can fashion the dismissal order with a re-filing bar in a way that is appropriate for the case.

The Debtor has filed two cases in approximately 18 months. The prior case, fashioned as *Global Group Properties, Inc.*, Case No. 2:22-bk-13640-DS, was filed on July 3, 2022 (the "Prior Case").  Based on a motion filed by the U.S. Trustee, the Court dismissed the Prior Case on August 19, 2022, due to the Debtor's failure to provide any documents responsive to the U.S. Trustee's "7-day package," and failure to file any schedules. Given this history a 1-year re-filing bar appears appropriate.

## V. **CONCLUSION**

For the reasons set forth above, the Court should find cause under § 1112(b) and grant the U.S. Trustee's motion and issue any other and further relief as this Court deems appropriate.

DATE: February 21, 2024

Respectfully Submitted,
PETER C. ANDERSON
UNITED STATES TRUSTEE

By:    */s/ Noreen A. Madoyan*
Noreen A. Madoyan
Attorney for the United States Trustee

### DECLARATION OF KAREN D POLK

I, Karen D. Polk, hereby declare:

1.      I am over the age of eighteen years, and if called upon to testify I could and would do so competently.  I am employed by the United States Department of Justice as a Supervisory Paralegal Specialist  in the Los Angeles Field Office of the United States Trustee Program.  I am the Supervisory Paralegal Specialist assigned to the case of *In re: Global Group Properties, Inc.* Case No. 2:24-bk-10855-DS.  I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge.

2.      I am familiar with the procedures of the United States Trustee for maintaining paper and electronic submissions by debtors of the requirements of the United States Trustee for Chapter 11 debtors.  These procedures include the routine maintenance of paper and electronic submissions by debtors in electronic files that are maintained for each Chapter 11 case in order to allow the United States Trustee to conduct his statutory duties.  I have reviewed the files and electronic records of the United States Trustee for this case and have included the results of my review in this declaration.

3.      Based on my review of the case file, the Debtors have failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession Effective September 1, 2022 ("UST Guidelines"), Bankruptcy Code, and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend requirement meetings as follows:

> a. The Debtors haves failed to timely file Schedules of Assets and Liabilities, Statement of Financial Affairs, and Notice of Setting/Increasing Insider Compensation.  **Incomplete Filings due by 3/4/2024**.
> b. The Debtor has failed to provide the Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession ("Chapter 11 Compliance Declaration").
> c. The Debtor has failed to provide the Real Property Questionnaire(s).
> d. The Debtor has failed to provide sufficient evidence of closing of all pre-petition bank accounts including: (a) closing bank statements; and/or (b) bank account information in the Chapter 11 Compliance Declaration.
> e. The Debtor has failed to provide sufficient evidence of the opening and maintenance of the three debtor-in-possession bank accounts (general, payroll and tax) including a copy of the "debtor-in-possession" check for each account.

f.  The Debtor has failed to provide sufficient evidence of current insurance coverage including: (a) the declaration page for each policy; and/or (b) insurance information in the Chapter 11 Compliance Declaration.

g.  The Debtor has failed to provide proof of required certificates and/or applicable licenses in the Chapter 11 Compliance Declaration.

h.  The Debtor has failed to provide a list of insiders as defined in 11 U.S.C. § 101(31) in the Chapter 11 Compliance Declaration.

i.  The Debtor has failed to provide the Financial Statement information in the Chapter 11 Compliance Declaration.

j.  The Debtor has failed to provide a projected cash flow statement for the first 90 days of operation under chapter 11.

k.  The Debtor has failed to provide a conformed copy(ies) of the recording of the Debtor(s)'s bankruptcy petition in each county in which real property is owned.

l.  The Debtor has failed to provide a Statement of Major Issues and Timetable Report.

m.  The Debtor has failed to provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.

n.  The Debtor has failed to provide an Employee Benefit Plan Questionnaire.

o.  The Debtor's Monthly Operating Report for February 2023 will be due by March 20, 2023.

p.  The Debtor's quarterly fees for the 1st Quarter 2024 continue to accrue.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on February 21, 2024 in Los Angeles, CA.

Karen Polk,
Supervisory Paralegal Specialist

UNITED STATES BANKRUPTCY COURT
Central District of California Los Angeles

| | |
|---|---|
| In re:<br> Global Group Properties, Inc., a California corpor,<br><br>            Debtor(s). | Case No.: 24-10855<br>Chapter: 11 |

**PROOF OF SERVICE**

I, Tinamarie Feil, state as follows:

I am over the age of 18 and not a party to the above-captioned case.  I am employed by BMC Group, Inc., an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Rules 9001(9) and 2002(g)(4) of the Federal Rules of Bankruptcy Procedure.

I declare that on 02/22/2024, as directed by Office of the United States Trustee, true and correct copy(s) of the following document(s) were served on the party(s) listed on the attached exhibit(s) via the mode(s) of service thereon indicated.  Such service was performed under my direct supervision, by employees of BMC Group, Inc.

---

Global Group // Motion to Dismiss

---

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

02/22/2024

*Tinamarie Feil*

Tinamarie Feil
BMC Group, Inc.
Approved Bankruptcy Notice Provider
info@bmcgroup.com;
888.909.0100

## Exhibit A - Certificate of Service
## Global Group Properties, Inc., a California corpor 24-10855

| List ID | Name and Address of Served Party | Mode of Service |
|---|---|---|
| 14348 | Global Group Properties, Inc., a California corporation, 11409 Carson Street, LOS ANGELES-CA, Lakewood, CA, 90715, United States of America | **First Class** |
| 14348 | Michael A. Cisneros, Attorney at Law, Michael A Cisneros, Michael A. Cisneros, 50 W. Lemon Avenue, Ste 1, Monrovia, CA, 91016, United States of America, mcisneros@mac.com | **First Class** |